IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANCES R., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-2792-D-BN |
| | § | |
| COMMISSIONER OF SOCIAL SECURITY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case filed under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge Sidney A. Fitzwater.

In response to the Commissioner's unopposed motion to reverse and remand, and after reviewing the file, the Court entered judgment and an order of remand under sentence four of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), on April 21, 2026. *See* Dkt. No. 20.

Plaintiff is therefore entitled to seek reasonable attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et seq*.

Plaintiff filed an EAJA fee application on July 20, 2026 [Dkt. No. 23], in which counsel represented that he was unable to confer with counsel for the Commissioner, *see id.* at 7. So the Court ordered Plaintiff to supplement the fee application. *See* Dkt. No. 24. And Plaintiff filed a supplement to confirm that counsel for the parties have

conferred and that counsel for the Commissioner "is not opposed to the requested hourly rate, number of hours, or total award requested in the application. Therefore, this application could be filed as unopposed." Dkt. No. 25.

Under the EAJA, the Court must award attorneys' fees and expenses, if incurred, where: (1) the claimant is the "prevailing party"; (2) the government's position was not "substantially justified"; and (3) there are not special circumstances that make an award unjust. *See Murkledove v. Astrue*, 635 F.3d 784, 790 (5th Cir. 2011) (citing 28 U.S.C. § 2412(d)(1)(A)).

A claimant is the "prevailing party" for purposes of the EAJA where she obtains a "sentence four" judgment reversing denial of benefits and requiring further proceedings before the agency. *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).

And any attorneys' fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(b).

Plaintiff is the prevailing party for the EAJA's purposes; the Commissioner has not carried the burden of proving substantial justification, and no special circumstances make an award unjust.

And the fees requested are reasonable considering that they are comprised of an appropriate hourly rate for the work performed and the results achieved – $256.13 per hour, for time billed in 2025 and 2026, *see* Dkt. No. 23 at 4-5 & nn. 21-23, for 34.20 hours, which time is supported by counsels' declarations and their time records, *see* Dkt. Nos. 23-5 & 23-6.

And, so, after considering all the relevant factors, the lodestar amount of

$8,759.65 in fees should be accepted as the appropriate award to Plaintiff under 28 U.S.C. § 2412(d). *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010) ("[T]he lodestar method yields a fee that is presumptively sufficient to achieve [the] objective … [of] engag[ing] a lawyer based on the statutory assurance that he will be paid a 'reasonable fee.'" (cleaned up)).

**Recommendation**

The Court should grant Plaintiff's motion for attorneys' fees under the Equal Access to Justice Act as supplemented, *see* Dkt. Nos. 23 & 25, award Plaintiff $8,759.65 in attorneys' fees under 28 U.S.C. § 2412(d), and order that the Commissioner make the check payable to Plaintiff but mail that check to Plaintiff's attorneys' address.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 5, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE